UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE ENVELOPE
SPECIALISTS, INC.,

    Plaintiff/Counter-Defendant,

                                       Case No. 10-14913
v.                                       Hon. Lawrence P. Zatkoff

TOTAL PRINTING SERVICES, INC.,
THE ENVELOPE PRINTERY, INC.,
SCOTT B. OSHINSKY, THOMAS J.
LEWIS, JR. JAMES F KEATING, and
SAJAN MATHEW,

    Defendants/Counter-Plaintiffs,
_____/

## ORDER

Defendants filed their notice of removal to this Court on December 10, 2010, alleging federal subject-matter jurisdiction on the basis of a federal question under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* On December 17, 2010, after answering Plaintiff's complaint, Defendants filed a counter-complaint with four counts. On January 4, 2011, the Court show-caused Defendants as to whether the Court possesses federal-question jurisdiction over Plaintiff's Count VIII, or whether Defendants are requesting that the Court exercise supplemental jurisdiction over Plaintiff's Count VIII. Defendants responded satisfactorily to the Court's show-cause order on January 13, 2011, which indicated the Court could exercise supplemental jurisdiction over Plaintiff's Count VIII.

Plaintiff's complaint, filed in the Oakland County Circuit Court, alleges the following counts:

    Count I        Breach of Non-competition Clauses

| | |
|---|---|
| Count II | Breach of Non-disclosure Clauses |
| Count III | Tortious Interference with Contract |
| Count IV | Tortious Interference with Business Relationships |
| Count V | Misappropriation of Trade Secrets under Michigan Uniform Trade Secrets Act, Mich Comp. Laws § 445.1901, *et seq.* |
| Count VI | Conversion (based on Michigan common law) |
| Count VII | Conversion (based on Mich. Comp. Laws § 600.2919(a)) |
| Count VIII | Breach of Fiduciary Duty |
| Count IX | Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* |
| Count X | Civil Conspiracy |
| Count XI | Fraud of Defendant Oshinsky |

Defendants' counter-complaint alleges the following counts:

| | |
|---|---|
| Count I | Breach of Contract |
| Count II | Violation of the Michigan Wages and Fringe Benefits Act, Mich. Comp. Laws § 408.471, *et seq.* |
| Count III | Request for Declaratory Relief |
| Count IV | Failure to Pay Open Account/Account Stated |

Defendants may remove a civil action brought in a state court to a federal district court if the federal district courts have original subject-matter jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original subject-matter jurisdiction over cases arising under federal law. 28 U.S.C. § 1331.

As such, the Court has subject-matter jurisdiction over Plaintiff's Count IX. 28 U.S.C. § 1331. However, the Court was unable to identify if it could exercise federal-question jurisdiction over Plaintiff's Count VIII merely because Plaintiff alleges that Defendants breached their fiduciary duties owed to Plaintiff in numerous ways, including violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. Upon review of Defendants' response to the Court's show-cause order, it is clear that Defendants request the court to exercise supplemental jurisdiction over Plaintiff's Count VIII. Thus, Plaintiff's Counts I–VIII, X, and XI are based on state law. Although the Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if the state-law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(2), (c)(4). The Court finds that Plaintiff's state-law claims substantially predominate over the single federal claim for which this Court has original jurisdiction, raise novel and complex issues of state law that would be more appropriately adjudicated by the state court, and will result in the undue confusion of the jury. *See* § 1367(c)(1), (c)(4); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994). Thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims (Counts I–VIII, X, and XI) in this matter.

Furthermore, with respect to Defendants' counter-complaint, Defendants' Counts I– IV are based on state law. Thus, the Court declines to exercise supplemental jurisdiction over Defendants' state-law claims (Counts I–IV) for the same reasons that the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims in this matter. However, to the extent that Defendants' Count III is a claim for declaratory relief under the Federal Declaratory Relief Act, 28 U.S.C. §

3

2201, *et seq.*, not Michigan law, the Court still declines to exercise jurisdiction for the foregoing reasons.

Under the Federal Declaratory Judgment Act, in an action of actual controversy, the district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act "confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952)). Thus, district courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. When exercising this discretion, the district court should consider:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984)); *see also Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812–13 (6th Cir. 2004); *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

In this case, the Court finds that the considerations articulated by this Circuit guide the Court to decline exercising jurisdiction over Defendants' Count III. Upon remand of Plaintiff's state-law claims, which assert breaches of agreements between the parties, maintaining jurisdiction over Defendants' Count III would require the Court to review the same allegations and claims that the state court would be reviewing. Defendants' Count III requests the court to declare that the non-disclosure and non-competition agreements are vague, over-broad, and unreasonable, thus unenforceable, according to Mich. Comp. Laws § 445.774a. Counts I and II, however, of Plaintiff's complaint assert claims that Defendants breached the non-disclosure and non-competition agreements. The state court is better suited to review both of the parties' claims simultaneously. Moreover, in disposing of Plaintiff's state-law claims, the state court will decide if one of the parties breached the disputed agreements and if the parties are entitled to damages due to the breach. Before the state court reaches its decision on Plaintiff's state-law claims, it will decide if the disputed non-disclosure and non-competition agreements are enforceable. This remedy is better and more effective than for this Court to exercise jurisdiction over Defendants' Count III and declare if the disputed agreements are valid. Therefore, if Defendants were asserting a claim under the Federal Declaratory Relief Act, the Court declines to exercise jurisdiction over Defendants' Count III.

Accordingly, IT IS ORDERED that Plaintiff's state-law claims are hereby REMANDED to the Oakland County Circuit Court. The Court retains jurisdiction over Plaintiff's federal claim (Count IX).

IT IS FURTHER ORDERED that Defendants' state-law claims (Counts I–IV) are hereby

REMANDED to the Oakland County Circuit Court.

IT IS FURTHER ORDERED that the Court WITHDRAWS its January 4, 2011, Order to Show Cause [dkt 8].

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 28, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 28, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290